**THE TUROCI FIRM**
Todd Turoci (State Bar No. 160059)
Julie Philippi (State Bar No. 166108)
3845 Tenth Street
Riverside, CA 92501
Telephone: (888) 332-8362
Facsimile: (866) 762-0618
Email: mail@theturocifirm.com

Attorney for Debtors and Debtors-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

In re:

FARIDEH WARDA,

                Debtor and Debtor-in-Possession.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Chapter 11
Case No. 1:16-bk-11598MT

**DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION AS MODIFIED AT THE HEARING ON OCTOBER 10, 2018**

**Confirmation Hearing:**
**DATE: 12/12/2018**
**TIME:  9:30 a.m.**
**CTRM: 302**
        **US Bankruptcy Court**
        **21041 Burbank Blvd.**
        **Woodland Hills, CA 91367**

1

# TABLE OF CONTENTS

**List of Exhibits** ............................................................................................. 4

**Introduction** ................................................................................................. 5

**Article I Treatment of Unclassified Claims** ................................................ 5

   A.  Professional Fees ................................................................................ 5

   B.  Other Administrative Claims ............................................................. 6

   C.  Priority Claims ................................................................................... 6

   D.  Involuntary Gap Period Claims Pursuant to Section 507(a)(3) ........... 6

**Article II Classification and Treatment of Claims** ...................................... 6

   A. Class 1: U.S. Bank, N.A. (serviced by Mr. Cooper) ......................... 6

   B. Class 2: Wells Fargo Bank, N.A. ...................................................... 7

   C. Class 3: Schools First Federal Credit Union ..................................... 7

   D. Class 4: Non-priority General Unsecured Claims .............................. 7

   E. Los Angeles County Treasurer and Tax Collector ............................ 8

   F. Claims of Insiders ............................................................................. 8

   G. Interest Holders ................................................................................ 8

   H. Executory Contracts and Unexpired Leases ....................................... 8

**Article III Allowance and Disallowance of Claims** .................................... 8

   A. Disputed Claims ................................................................................ 8

   B. Delayed Distribution on Disputed Claims ......................................... 8

   C. Settlement of Disputed Claims .......................................................... 8

**Article IV Executory Contracts and Unexpired Leases** ............................. 9

   A. Executory Contracts and Unexpired Leases Assumed ....................... 9

   B. Executory Contracts and Unexpired Leases Rejected ........................ 9

**Article V Performance of the Plan** ............................................................. 9

   A. Funding for the Plan .......................................................................... 9

   B. Management of the Reorganized Debtors ........................................... 9

   C. Disbursing Agent .............................................................................. 10

D. Distributions ............................................................................................................ 10

E. Unclaimed Distributions ........................................................................................... 10

**Article VI Discharge and Other Effects of Confirmation** .......................................... **10**

A. Discharge ................................................................................................................... 10

B. Effect of Confirmation upon Liens .......................................................................... 10

C. Vesting of Property ................................................................................................... 11

D. Plan Creates New Obligations .................................................................................. 11

E. Creditor Action Restrained ....................................................................................... 11

F. Material Default Defined .......................................................................................... 11

G. Modification of Plan ................................................................................................. 11

H. Post-Confirmation Employment and Compensation of Professionals ..................... 12

I. Retention of Jurisdiction ............................................................................................ 12

J. Post-Confirmation Status Reports ............................................................................. 12

**Article VII General Provisions** .................................................................................... **12**

A. Definitions and Rules of Construction ..................................................................... 12

B. Cram Down ................................................................................................................ 12

C. Binding Effect ........................................................................................................... 12

D. Captions .................................................................................................................... 12

E. Controlling Effect ..................................................................................................... 13

F. Final Decree .............................................................................................................. 13

# LIST OF EXHIBITS

Exhibit 1 – List of Claims

Exhibit 2 – Revised Projected Annual Cash Flow

## INTRODUCTION

**This Second Amended Plan of Reorganization (the Plan) under chapter 11 of the Bankruptcy Code provides for restructuring of the debts of the above-named Debtor.  If confirmed, the Plan will bind all creditors provided for in the Plan, whether they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed. All creditors should refer to Articles I – IV of this Plan for the precise treatment of their claims.  A disclosure statement that provides additional information is being served with this Plan. The Disclosure Statement is explanatory only; the language used in the Plan is binding. Your rights may be affected.  You should read these papers carefully and discuss them with an attorney.**

**Voting:**  You may be entitled to vote on this Plan.  The Chapter 11 Disclosure Statement ("Disclosure Statement") that accompanies this Plan explains the voting rules and provides additional information.

**Effective Date:**  This Plan becomes effective ("Effective Date") on the first day of the first month after the 14th day following the entry of a non-stayed and non-appealed confirmation order.

## ARTICLE I

## TREATMENT OF UNCLASSIFIED CLAIMS

Under 11 U.S.C. section 1123(a)(1),[1] the following types of claims are not classified and are not entitled to vote on confirmation of the Plan:  (i) administrative expense claims allowed under section 503(b) and entitled to priority under section 507(a)(2) (including the claims of professionals, United States Trustee quarterly fees, and post-petition domestic support obligations); (ii) involuntary gap period claims under section 507(a)(3); and (iii) priority claims under section 507(a)(8).  These claims shall be treated as follows:

**A.    Professional Fees**

Professional fees may only be paid upon application to and approval by the court.  Debtor will pay professional fees in full in cash on the later of (i) the Effective Date or (ii) upon court

---

[1]  All statutory references are to Title 11 of the United States Code unless otherwise specified.

order, except to the extent that a holder of such claim agrees to other terms.

*Claimant:      The Turoci Firm - $10,000, subject to court approval.*[2]

**B.     Other Administrative Claims**

Debtor will pay other claims allowed under section 503(b) and entitled to priority under section 507(a)(2), including domestic support obligations arising post-petition and United States Trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms.

Debtor does not have any pre or post-petition domestic support obligations.

*Claimant:      Office of the United States Trustee - $650 (estimated).*

**C.     Priority Claims under Section 507(a)(8)**

There are no such claims to be paid through this Plan.  The City of Los Angeles filed a section 507(a)(8) claim for $5,000 but Debtor has since paid that claim in full.

**D.     Involuntary Gap Period Claims Pursuant to Section 507(a)(3)**

There are no such claims in this case.

## ARTICLE II

### CLASSIFICATION AND TREATMENT OF CLAIMS

**A.     Class 1: U.S. Bank, N. A., as Trustee for Harborview Mortgage Loan Trust 2005-16, Mortgage Loan Pass-Through Certificates, Series 2005-16 (serviced by Mr. Cooper)**

This class is comprised of the debt owed by Debtor to U.S. Bank, N. A., as Trustee for Harborview Mortgage Loan Trust 2005-16, Mortgage Loan Pass-Through Certificates, Series 2005-16 (serviced by Mr. Cooper) ("Cooper").  Cooper is the senior lienholder on Debtor's real property located at 3037-3043 West 12th Street, Los Angeles, California (the "Los Angeles Property").  The Los Angeles Property has a fair market value of $625,000.00.

Cooper has elected to be treated as fully secured pursuant to section 1111(b)(2). Debtor owes Cooper approximately $937,351.29 less all post-petition payments made – estimated at $70,000.  This claim will be paid monthly over the first thirty  years (360 months) of the Plan.

---

[2]  Counsel is holding $10,000 in its trust account.

6

The monthly payment will be $2,700. Payments will commence on the first day of the first full month after the Effective Date.

This class is impaired and is entitled to vote under the Plan. Cooper will retain its lien until the allowed claim is paid in full.

**B.    Class 2: Wells Fargo Bank, N.A.**

This class is comprised of the debt owed by Debtor to Wells Fargo Bank, N.A. ("Wells Fargo"). Wells Fargo is the senior lienholder on Debtor's real property located at 2339 Quail Glen Drive, Chino Hills, California (the "Chino Hills Property").

The Chino Hills Property has a fair market value of $580,000. Debtor owes Well Fargo approximately $518,000. The Wells Fargo claim is fully secured by the Chino Hills Property and will be paid in full over thirty years (360 months) of the Plan at a fixed rate of 5.75% interest. The monthly payment will be $3,022.91. Payments will commence on the first day of the first full month after the Effective Date.

This class is impaired and is entitled to vote under the Plan. Wells Fargo will retain its lien until the allowed secured claim is paid in full.

**C.    Class 3: SchoolsFirst Federal Credit Union**

This class is comprised of the debt owed by Debtor to SchoolsFirst Federal Credit Union ("SFFCU"). SFFCU is the lienholder on Debtor's 2015 Honda Accord Sedan.

Debtor is current on her payments to SFFCU. Ongoing payments shall be made as they come due based on the governing loan documents. The claim will be paid in full as a secured claim in this class pursuant to section 1123(b)(5).

This class is not impaired and is not entitled to vote on the Plan.

**D.    Class 4: Non-priority General Unsecured Claims**

Class 4 claims are listed on Exhibit 1 attached hereto.

This class includes all allowed non-priority, non-insider unsecured claims, which total $7,379.00. These claims will be paid $7,379.00 in monthly installments of $123 for the first 60 months of the Plan. Payments will commence on the first day of the first full month after the Effective Date. Class 4 claimants will be paid their pro rata share of each monthly payment.

Debtor estimates this will result in a 100.00% payment to Class 4 claims. This Class will not accrue interest. Payments will be due on the first day of each calendar month without interest. This class is impaired and is entitled to vote on the Plan.

**E.      Los Angeles County Treasurer and Tax Collector**

The Los Angeles County Treasurer and Tax Collector ("LACTC") filed a secured claim in the amount of $40,483.50 but withdrew that claim on November 20, 2017. LACTC will not be paid through this Plan.

**F.      Claims of Insiders**

There are no claims of insiders.

**G.      Interest Holders**

There are no interest holders.

**H.      Executory Contracts and Unexpired Leases.**

There are no executory contracts. Debtor will assume all unexpired leases.

**ARTICLE III**

**ALLOWANCE AND DISALLOWANCE OF CLAIMS**

**A.      Disputed Claims**

A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed and Debtor or another party in interest have filed an objection; or (ii) no proof of claim has been filed and Debtor has scheduled such claim as disputed, continent, unliquidated or unknown.

**B.      Delayed Distribution on Disputed Claims**

No distribution will be made on the portion of a claim that is disputed unless it is allowed by final non-appealable order.

**C.      Settlement of Disputed Claims**

Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Federal Rule of Bankruptcy Procedure 9019 unless the amount allowed by the compromise does not exceed $5,000, in which case no court approval is necessary.

# ARTICLE IV

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**A.    Executory Contracts and Unexpired Leases Assumed**

Debtor does not have any executory contracts. However, Debtor will be assuming all unexpired leases through this Plan.

Lease No. 1: Residential Lease between Debtor and Nam Park, Mi Sook Park for 2339 Quail Glen Drive, Chino Hills, California.

Lease No. 2: Residential Lease between Debtor and Lance Soury, Danielle Soury, and Ryan Larkin for 3037 W. 12th Street, Los Angeles, California.

Lease No. 3: Residential Lease between Debtor and Ixchel Martinez, and Torsten Kell-Long for 3043 W. 12th Street, Los Angeles, California.

Lease No. 4: Residential Lease between Debtor and Zachary Dennig for 3041 W. 12th Street, Los Angeles, California.

Lease No. 5: Residential Lease between Debtor and Mari Trubenbach for 3039 W. 12th Street, Los Angeles, California.

**B.      Executory Contracts and Unexpired Leases Rejected**

Debtor is conclusively deemed to have rejected all executory contracts and unexpired leases not previously assumed or listed above.

# ARTICLE V

## PERFORMANCE OF THE PLAN

**A.    Funding for the Plan**

The Plan will be funded through approximately $15,000 of cash available on the date of the Plan confirmation hearing and projected disposable income of approximately $6,735 per month following confirmation.  See Exhibit 2 attached hereto for further details of these projections.

**B.      Management of the Reorganized Debtor**

This is not applicable because Debtor is an individual.

**C.      Disbursing Agent**

Debtor shall act as the disbursing agent and will make the distributions to all classes provided for in the Plan.  Debtor shall not be compensated for this.

**D.      Distributions**

Cash payments made pursuant to the Plan shall be in U.S. dollars by checks drawn on a domestic bank selected by the disbursing agent.

**E.      Unclaimed Distributions**

Any distributions under the Plan that are unclaimed, undeliverable, rejected, or returned without explanation for a period of three months after distribution shall be revested in the Reorganized Debtor, free of any restrictions, and any entitlement of any holder of any claim to such distribution or future distributions shall be extinguished and forever barred.

## ARTICLE VI

## DISCHARGE AND OTHER EFFECTS OF CONFIRMATION

**A.      Discharge**

Upon completion of all payments to Class 4, Debtor may, after notice and a hearing and a showing that the Debtor has met the requirements of section 1141(d)(5)(B), request the Court to grant an early discharge of all pre-confirmation debts, whether or not a creditor filed a proof of claim or accepted the Plan.  Such discharge will not discharge Debtor from any debts that are non-dischargeable under section 523 or the obligations created by this Plan.

**B.      Effect of Confirmation Upon Liens**

The liens of Cooper and Wells Fargo will be extinguished upon payment in full of their allowed secured claims as discussed above.

**C.      Vesting of Property**

Confirmation of this Plan re-vests all property of the estate in the Reorganized Debtor pursuant to section 1141(b), free and clear of all claims and interests except as provided in the Plan.

**D.      Plan Creates New Obligations**

Except as otherwise stated in the Plan, the payments promised in the Plan constitute new

contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

**E.    Creditor Action Restrained**

Creditors may not take any action to enforce either pre-confirmation obligations or obligations due under the Plan, so long as Debtor is not in material default under the Plan. If Debtor is in material default under the Plan, affected creditors may: (i) take any action permitted under non-bankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or convert this case to one under chapter 7.

**F.    Material Default Defined**

If Debtor fails to make any payments required under the Plan or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney a written notice of default. Debtor will be in material default under the Plan if Debtor fail, within 21 days of the service of such notice of default plus three additional days if served by mail, either: (i) to cure the default or (ii) to file a motion with the court to obtain an extension of time to cure the default or a determination that no default occurred.

**G.    Modification of Plan**

Debtor may modify the Plan pursuant to section 1127.

**H.    Post-Confirmation Employment and Compensation of Professionals**

After the Plan is confirmed, the Reorganized Debtor may employ attorneys, accountants, and other professionals (the "Post-Confirmation Professionals") as she may desire to render services on such terms as she deems reasonable without notice, hearing, or order of the Bankruptcy Court. The Reorganized Debtor shall be authorized to pay for post-confirmation services rendered by the Post-Confirmation Professionals without notice, hearing, or order of the Bankruptcy Court.

**I.    Retention of Jurisdiction**

This Court will retain jurisdiction until all Plan payments have been made.

///

**J.**     **Post-Confirmation Status Reports**

All fees payable pursuant to section 1930 of Title 28 of the United States Code after the Effective Date shall be paid on a quarterly basis until the Chapter 11 case is closed, converted, or dismissed.  The reorganized Debtor shall be liable for the payment of all quarterly fees due pursuant to section 1930 of Title 28 after the Effective Date.  The reorganized Debtor shall provide the United States Trustee with post-confirmation quarterly reports that shall include all of their respective disbursements for that quarter.

Additionally, within 120 days of the entry of the order confirming the Plan, Debtor shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan pursuant to Local Bankruptcy Rule 3020-1(b).  The status report shall be served on the United States Trustee, the 20 largest unsecured creditors, and parties that have requested special notice.  Further status reports shall be filed as required by the Court.

## ARTICLE VII

## GENERAL PROVISIONS

**A.**     **Definitions and Rules of Construction**

Definitions and rules of construction are as set forth in the Bankruptcy Code and in the Federal Rules of Bankruptcy Procedure.  See 11 U.S.C. §§ 101, 102 and 1101 and Rule 9001.  All exhibits to this Plan are considered part of this Plan, but in the event of any conflict between this Plan and its exhibits, the terms of this Plan control.

**B.**     **Cram Down**

Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors pursuant to section 1129(b).

**C.**     **Binding Effect**

The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

**D.**     **Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

**E.**   <u>**Controlling Effect**</u>

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or Federal Rules of Bankruptcy Procedure), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in the Plan.

**F.**   <u>**Final Decree**</u>

Pursuant to Federal Rule of Bankruptcy Procedure 3022, a Final Decree may not be entered until the bankruptcy case is fully administered.  Debtor anticipates requesting the Court issue a Final Decree as expeditiously as possible.

Date: _Oct. 15, 2018_

Farideh Warda, Debtor


**THE TUROCI FIRM**

Date: _10-16-2018_

Todd Turoci
Attorney for Debtor

# EXHIBIT 1

## List of Claims

| Name | Insider | Impaired | Scheduled | Claimed | Value of Security | Amount To Be Received Through Plan | Obj. | POC# |
|---|---|---|---|---|---|---|---|---|
| **Secured** | | | | | | | | |
| School First Federal Credit Union | N | N | $26,650.00 | $26,671.60 | $16,000.00 | $0.00 | N | 1 |
| US Bank c/o Mr. Cooper * | N | Y | $988,362.00 | $937,351.29 | $555,000.00 | $972,000.00 | N | 4 |
| Wells Fargo Bank | N | Y | $559,099.00 | $527,020.52 | $580,000.00 | $1,088,247.60 | N | 6 |
| **Total Secured** | | | | | | **$2,060,247.60** | | |
| | | | | | | | | |
| **Priority** | | | | | | | | |
| Internal Revenue Service ** | N | N | $45,107.15 | $0.00 | | $0.00 | N | 8 |
| City of LA (HCIDLA) *** | N | N | $0.00 | $5,000.00 | | $0.00 | N | 9 |
| **Total Priority** | | | | | | **$0.00** | | |
| | | | | | | | | |
| | | | | | | | | |
| **Unsecured** | | | | | | | | |
| Capital One Bank, N.A. | N | Y | $1,900.00 | $2,469.00 | | $2,469.00 | N | 3 |
| Discover | N | Y | $275.00 | $1,400.00 | | $1,400.00 | N | 2 |
| Midland Funding | N | Y | $1,110.00 | $3,510.00 | | $3,510.00 | N | 5 |
| **Total Unsecured** | | | | **$7,379.00** | | **$7,379.00** | | |

* Paid pursuant o 11 U.S.C. section 1111(b)(2) election.
**$45,107.15 was scheduled as priority but the proof of claim supersedes the schedules.
***$10,000 was scheduled as unsecured but the proof of claim supersedes the schedules. Further, Debtor has paid this claim in full. She made payments of $2,000 in 02/2018, $1,500 in 03/2018, and $1,500 in 04/2018.

**EXHIBIT  1**
 1  of  1

# EXHIBIT 2

## Revised Annual Projected Cash Flow

| | Monthly | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 |
|---|---|---|---|---|---|---|
| Rent from Chino Hills Property | $3,400.00 | $40,800.00 | $40,200.00 | $40,200.00 | $40,200.00 | $40,200.00 |
| Rent from Los Angeles Property - 3037 | $1,495.00 | $17,940.00 | $17,940.00 | $17,940.00 | $17,940.00 | $17,940.00 |
| Rent from Los Angeles Property - 3043 | $1,495.00 | $17,940.00 | $17,940.00 | $17,940.00 | $17,940.00 | $17,940.00 |
| Rent from Los Angeles Property - 3041 | $1,400.00 | $16,800.00 | $15,780.00 | $15,780.00 | $15,780.00 | $15,780.00 |
| Rent from Los Angeles Property - 3039 | $1,400.00 | $16,800.00 | $15,780.00 | $15,780.00 | $15,780.00 | $15,780.00 |
| Social Security | $1,580.00 | $18,960.00 | $18,960.00 | $18,960.00 | $18,960.00 | $18,960.00 |
| Part time - Translator Income | $620.00 | $7,440.00 | $7,440.00 | $7,440.00 | $7,440.00 | $7,440.00 |
| **TOTAL INCOME** | **$11,390.00** | $136,680.00 | $134,040.00 | $134,040.00 | $134,040.00 | $134,040.00 |
| | | | | | | |
| **Deductions** | | | | | | |
| Estimated Taxes | $100.00 | $1,200.00 | $1,212.00 | $1,224.12 | $1,236.36 | $1,248.72 |
| **TOTAL PAYROLL DEDUCTIONS** | **$100.00** | $1,200.00 | $1,212.00 | $1,224.12 | $1,236.36 | $1,248.72 |
| | | | | | | |
| **Net Income** | **$11,290.00** | $135,480.00 | $132,828.00 | $132,815.88 | $132,803.64 | $132,791.28 |
| | | | | | | |
| **Expenses** | | | | | | |
| Rent | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Electricity, Heat & Natural Gas | $110.00 | $1,320.00 | $1,333.20 | $1,346.53 | $1,360.00 | $1,373.60 |
| Cell Phone | $120.00 | $1,440.00 | $1,454.40 | $1,468.94 | $1,483.63 | $1,498.47 |
| Food | $300.00 | $3,600.00 | $3,636.00 | $3,672.36 | $3,709.08 | $3,746.17 |
| Clothing, Laudnry and Dry Cleaning | $80.00 | $960.00 | $969.60 | $979.30 | $989.09 | $998.98 |
| Personal Care Products/Services | $70.00 | $840.00 | $848.40 | $856.88 | $865.45 | $874.11 |
| Medical/Dental | $75.00 | $900.00 | $909.00 | $918.09 | $927.27 | $936.54 |
| Transportation | $250.00 | $3,000.00 | $3,030.00 | $3,060.30 | $3,090.90 | $3,121.81 |
| Entertainment/Recreational | $80.00 | $960.00 | $969.60 | $979.30 | $989.09 | $998.98 |
| Charitable Contributions | $50.00 | $600.00 | $606.00 | $612.06 | $618.18 | $624.36 |
| Life Insurance | $83.00 | $996.00 | $1,005.96 | $1,016.02 | $1,026.18 | $1,036.44 |
| Health Insurance | $70.00 | $840.00 | $848.40 | $856.88 | $865.45 | $874.11 |
| Vehicle Insurance | $120.00 | $1,440.00 | $1,454.40 | $1,468.94 | $1,483.63 | $1,498.47 |
| Car Payment | $530.00 | $6,360.00 | $6,360.00 | paid | paid | paid |
| Repairs, Maintenance, Vcacancy Reserves | $600.00 | $7,200.00 | $7,272.00 | $7,344.72 | $7,418.17 | $7,492.35 |
| Property Taxes on Chino Hill Property | $803.00 | $9,636.00 | $9,732.36 | $9,829.68 | $9,927.98 | $10,027.26 |
| Property Taxes on Los Angeles Property | $560.00 | $6,720.00 | $6,787.20 | $6,855.07 | $6,923.62 | $6,992.86 |
| Homeowner's Ins. on Chino Hills Property | $146.00 | $1,752.00 | $1,769.52 | $1,787.22 | $1,805.09 | $1,823.14 |
| Homeowner's Ins. on Los Angeles Property | $131.00 | $1,572.00 | $1,587.72 | $1,603.60 | $1,619.63 | $1,635.83 |
| Bookkeeper | $50.00 | $600.00 | $606.00 | $612.06 | $618.18 | $624.36 |
| Bank Fees | $30.00 | $360.00 | $363.60 | $367.24 | $370.91 | $374.62 |
| Misc. Expenses | $80.00 | $960.00 | $969.60 | $979.30 | $989.09 | $998.98 |
| US Trustee Quarterly Fees | $217.00 | $2,604.00 | $1,300.00 | $1,300.00 | $1,300.00 | $1,300.00 |
| **Total Expenses** | **$4,555.00** | **$54,660.00** | **$53,812.96** | **$47,914.49** | **$48,380.63** | **$48,851.44** |
| **Net Disposable Income** | **$6,735.00** | **$80,820.00** | **$79,015.04** | **$84,901.39** | **$84,423.00** | **$83,939.83** |
| | | | | | | |
| Payments in the Plan | | | | | | |
| US Bank - secured [30 yrs] | $2,700.00 | $32,400.00 | $32,400.00 | $32,400.00 | $32,400.00 | $32,400.00 |
| Wells Fargo - secured [30 yrs] with 5.75% int. | $3,022.91 | $36,274.92 | $36,274.92 | $36,274.92 | $36,274.92 | $36,274.92 |
| General Unsecured Creditors [5 yrs] est. 100% | $123.00 | $1,476.00 | $1,476.00 | $1,476.00 | $1,476.00 | $1,476.00 |
| **Total Ch. 11 Plan Payments** | **$5,845.91** | **$70,150.92** | **$70,150.92** | **$70,150.92** | **$70,150.92** | **$70,150.92** |
| | | | | | | |
| **Remainder** | | $889.09 | $10,669.08 | $8,864.12 | $14,750.47 | $14,272.08 | $13,788.91 |

EXHIBIT 2
1 of 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
3845 Tenth Street, Riverside, CA 92501

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION AS MODIFIED AT THE HEARING ON OCTOBER 10, 2018** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **10/16/2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jenelle C Arnold    ecfcacb@aldridgepite.com, jarnold@ecf.courtdrive.com
- Katherine Bunker    kate.bunker@usdoj.gov
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Bryan S Fairman    ecfcacb@aldridgepite.com, BSF@ecf.inforuptcy.com;bfairman@aldridgepite.com
- Todd S Garan    ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com
- Michael C Heinrichs    michael.heinrichs@lacity.org
- Roksana D. Moradi-Brovia    roksana@rhmfirm.com,
  matt@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;jhayes@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com
- Sayuj Panicker    spanicker@counsel.lacounty.gov
- Matthew D. Resnik    matt@rhmfirm.com,
  ResnikMR81240@notify.bestcase.com;roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com
- Cassandra J Richey    cmartin@pralc.com
- Ramesh Singh    claims@recoverycorp.com
- Diana Torres-Brito    ecfcca@ecf.courtdrive.com;dtorres-brito@pralc.com
- Todd L Turoci    mail@theturocifirm.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Gilbert R Yabes    ecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com;gyabes@aldridgepite.com
- Kristin A Zilberstein    ecfnotifications@ghidottilaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **10/16/2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/16/2018 | Daisy Diaz | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

# SERVICE LIST
## In re Farideh Warda
### 1:16-bk-11598-MT

Honorable Maureen A. Tighe
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 324
Woodland Hills, CA 91367

**Secured Creditors**
SchoolsFirst FCU
PO Box 11547
Santa Ana, CA 92711-1547

Nationstar Mortgage LLC as servicing agent f|
c/o McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101-2607

Wells Fargo Bank N.S
P.O. Box 14507
Des Moines, IA 50306-3507

Wells Fargo Bank, N.A.
C/O Wells Fargo Bank, N.A., as servicer
Attn: Default Document Processing
N9286-01Y
1000 Blue Gentian Road
Eagan, MN  55121-7700

Wells Fargo Home Mortgage
Po Box 10335
Des Moines, IA 50306-0335

**20 Largest Unsecured Creditors**
Capital One
PO BOX 30285
Salt Lake City, UT 84130-0285

City of Los Angeles
Housing Community & Investment Dept.
Eric Brown
200 N. Spring Street, City Hall, 21st Fl.
Los Angeles, CA 90012-4110

Discover Bank
Discover Products Inc.
POB 3025
New Albany OH 43054-3025

Midland Funding, LLC
PO Box 2011
Warren, MI 48090-2011

**Other Creditors or Notices**
Recovery Management Systems Corporation
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Barclays Bank Delaware
P.O. BOX 8803
Wilmington, DE 19899-8803

City of Los Angeles
Eric Brown Deputy City Attorney
200 N Main St., Room #916
Los Angeles, CA 90012-4110

Cb/talbots
P.O. Box 182789
Columbus, OH 43218-2789

Syncb/jcp
P.O. Box 965007
Orlando, FL 32896-5007

County of San Bernardino
Office of the Tax Collector
268 W. Hospitality Lane, First Floor
San Bernardino, CA 92415-0320

Farideh Warda
435 W Center Street
Promenade #310
Anaheim, CA 92805

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.